## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEPHANIE CROYDER,

      **Plaintiff,**

      **v.**                                      **Case No. 16-2761-JAR-JPO**

GEOFFREY W. HETLEY, ET AL.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Stephanie Croyder, proceeding *pro se*, filed this action alleging violations under the Fair Debt Collection Practices Act ("FDCPA") and the Kansas Consumer Protection Act ("KCPA").  Plaintiff claims Defendants violated both the FDCPA and the KCPA by filing a lawsuit to collect Plaintiff's debts before sending her a validation of the debts, as required under the FDCPA.  Before the Court is Defendants' Motion to Dismiss Count II of Complaint and Defendants Geoffrey W. Hetley and Hetley Law Firm, P.A. Pursuant to Rule 12(b)(6) (Doc. 15). The motion is fully briefed and the Court is prepared to rule.  For the reasons stated below, the Court grants Defendants' Motion to Dismiss.

### I.     Standard

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[1]  To state a claim for relief under Rule 12(b)(6), "the complaint must give the court reason to believe that

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

*this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2]  The

plausibility standard does not require a showing of probability that a defendant has acted

unlawfully, but requires more than "a sheer possibility."[3]  "[M]ere 'labels and conclusions,' and

'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer

specific factual allegations to support each claim."[4]  Finally, the Court must accept the

nonmoving party's factual allegations as true and may not dismiss on the ground that it appears

unlikely the allegations can be proven.[5]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of

a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but]

we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[6]  Thus,

the court must first determine if the allegations are factual and entitled to an assumption of truth,

or merely legal conclusions that are not entitled to an assumption of truth.[7]  Second, the court

must determine whether the factual allegations, when assumed true, "plausibly give rise to an

entitlement to relief."[8]  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."[9]

---

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6]*Id.*

[7]*Id.* at 679

[8]*Id.*

[9]*Id.* at 678.

Because Plaintiff proceeds *pro se*, the Court must construe her pleadings liberally.[10] However, the Court cannot assume the role of advocate.[11] Also, Plaintiff's *pro se* status does not excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[12] Plaintiff is not relieved from complying with the rules of the Court or facing the consequences of noncompliance.[13]

## II. Background

Drawing all reasonable inferences in favor of Plaintiff, the following facts are taken from Plaintiff's Complaint. On August 11, 2016, Plaintiff received a collection notice from Defendants stating she owed a balance of $5,838 on a charge card account. Plaintiff sent a notice to Defendant on September 3, 2016, within thirty days of receiving the letter, disputing the debt and requesting a validation pursuant to the FDCPA. On September 6, 2016, Defendant filed a lawsuit to collect the amount due.[14] On September 13 and September 26, 2016, Defendant sent letters verifying the date that the account was created and the amount of the outstanding debt.[15] Plaintiff alleges that the validation letters were "inconsistent with the disclosures required by 1692g" and that filing the lawsuit overshadowed her right to dispute the debt.

## III. Discussion

Under the FDCPA, a debt collector must send to a debtor a written notice that includes

---

[10]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11]*Id.*

[12]*Id.*

[13]*Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[14]Plaintiff does not allege which Defendant(s) did this. Doc. 1 ¶ 23.

[15]Again, Plaintiff does not allege which Defendant(s) did this, but two documents attached to her Complaint suggest that it was Defendants David Olefsky and Blitt and Gaines, P.C. Doc. 1, Exs B & C. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009) (explaining that in ruling on a motion to dismiss, courts "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity").

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. [16]

If the debtor timely notifies the creditor within the thirty-day period that the debt is disputed or that the debtor requests the name and address of the original creditor, the debt collector must cease collection efforts.[17] After the debtor gives notice of the debt, the debt collector may not engage in any collection activities or communication during the thirty-day period that would "overshadow or be inconsistent with the consumer's right to dispute the debt or request the name and address of the original creditor."[18] The debt collector may not resume debt collection until it (1) obtains a verification of the debt, a copy of a judgment, or the name and address of the original creditor; and (2) mails the verification, judgment, or name and address of the original creditor to the consumer.[19]

Plaintiff alleges that Defendants violated § 1692g(b) because the debt verification was not sufficient and because Defendants filed a debt collection after Plaintiff sent notice disputing the debt and before Defendants sent validation of the debt. Defendants argue in their Motion to Dismiss that (1) Defendants Hetley and Hetley Law Firm must be dismissed because there are no

---

[16]15 U.S.C. § 1692g(a).

[17]15 U.S.C. § 1692g(b).

[18]*Id.*

[19]*Id.*

facts alleging they participated in either filing the suit or preparing or sending the verification letter, and (2) Plaintiff's KCPA claim must be dismissed because a technical violation of the FDCPA does not give rise to a cause of action under the KCPA.

## A. Defendants Hetley and Hetley Law Firm

Plaintiff alleges Defendants violated the FDCPA and KCPA by attempting to collect on debts after receiving notice of her dispute and by sending letters of debt verification that did not meet the disclosure requirements under the FDCPA. But Plaintiff does not allege that Hetley or the Hetley Law Firm participated in preparing or sending the verification letters or engaged in collection efforts after receiving Plaintiff's notice of dispute.[20] Therefore, because Plaintiff alleges no facts to support a plausible FDCPA or KCPA claim against Hetley or Hetley Law Firm, the Court grants Defendants' motion as it relates to dismissal of these Defendants.

## B. The KCPA Claim

Plaintiff also alleges Defendants violated the KCPA based on the same facts that she alleges in support of her FDCPA claim. Defendants move for dismissal of this claim, arguing that "an alleged technical violation of the [FDCPA's] validation provision" does not give rise to a KCPA claim.[21]

The KCPA prohibits "deceptive" and "unconscionable acts and practices" in consumer transactions.[22] Whether a supplier has performed a deceptive or unconscionable act or practice under the KCPA is usually a question for the jury.[23] This Court has previously explained that

---

[20]Although the Exhibits Plaintiff attached to her Complaint show that Defendant Hetley sent the first letter giving Plaintiff notice of the debt, which she received on August 11, 2016, Doc. 1, Ex. A, the Exhibits suggest that Defendants Olefskey and Blitt and Gains P.C. sent the letters verifying Plaintiff's debt, which Plaintiff alleges were deficient. Doc. 1, Exs. B & C.

[21]Doc. 16 at 6–9.

[22]K.S.A. §§ 50-626, 50-627.

[23]*Gonzales v. Assocs. Fin. Serv. Co. of Kan., Inc.*, 967 P.2d 312, 328 (Kan. 1998).

5

"claims under the [KCPA] are not precisely actions for fraud, however, Kansas courts have recognized that the actions upon which a consumer may establish liability under the [KCPA] sound largely in fraud."[24] Thus, when there is no evidence "'of deceptive or oppressive practices overreaching, intentional misstatements, or concealment of facts,' there is no claim under the KCPA"[25] Here, Plaintiff has not alleged any conduct that would constitute deceptive or unconscionable acts or practices under the KCPA. Plaintiff simply alleges that Defendants' validation letter did not meet all the requirements of the FDCPA, and that Defendants filed a collection action before sending the validation letter. These acts do not "sound largely in fraud" or otherwise constitute deceptive or unconscionable acts or practices within the meaning of the KCPA.[26] Accordingly, the Court grants Defendants' motion to dismiss Count II of Plaintiff's Complaint.

### C. Leave to Amend

In her Response, Plaintiff requests leave to amend her Complaint if the Court finds the complaint deficient.[27] Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint is freely given "when justice so requires." A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of

---

[24]*Burton v. R.J. Reynolds Tobacco Co.*, 884 F. Supp. 1515, 1524 (D. Kan. 1995) (citing *Haag v. Dry Basement, Inc.*, 732 P.2d 392 (Kan. Ct. App. 1987)).

[25]*Id.*

[26]*Burton*, 884 F. Supp. at 1524; *see Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 311, 336–37 (D. Conn. 2012) (holding that violation of FDCPA validation provision was "merely technical in nature and therefore [did] not rise to the egregious level of conduct" that would constitute "unfair, deceptive or oppressive" conduct under a consumer protection statute analogous to KCPA).

[27]Doc. 23.

amendment."[28]  A proposed amendment is futile if the amended complaint would be subject to dismissal.[29]

In her proposed First Amended Complaint, attached as Exhibit 1 to her Response, Plaintiff incorporates many of the allegations from her original Complaint.  However, unlike in her original Complaint, Plaintiff also alleges that (1) Defendant Hetley filed the collection action against her on September 6, 2016; (2) Defendant Hetley did not use the true name of his debt collector business, in violation of 15 U.S.C. § 1692e(14); (3) Defendants never validated the debt; and (4) Defendants Hetley Law Firm, David Olefsky, and Blitt and Gaines, P.C. each sent communications seeking to collect the debt during September and October 2016.  Also unlike her original Complaint, Plaintiff does not include any allegations as to the KCPA in her proposed First Amended Complaint.  The Court therefore considers the KCPA claim abandoned, and in any event such a claim would be futile for the reasons explained above.[30]

As to her FDCPA claim, Plaintiff includes in her proposed First Amended Complaint allegations that Defendants Hetley and Hetley Law Firm violated the FDCPA by filing the collection action against her and by continuing to send communications to her regarding debt collection without validating her debt.  Thus, unlike her original Complaint, her proposed First Amended Complaint contains factual allegations to support her FDCPA claims against Defendants Hetley and Hetley Law Firm.  Accordingly, the Court finds that Plaintiff's proposed First Amended Complaint is not futile, and the Court finds no reason to deny her leave to amend

---

[28]*Duncan v. Mgr., Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[29]*Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[30]*See supra* Part III.B.

on any other grounds pursuant to Fed. R. Civ. P. 15(a).[31]  The Court therefore grants Plaintiff

leave to file her proposed First Amended Complaint, attached as Exhibit 1 to her Response.[32]

Although Defendants do not appear to oppose Plaintiff filing her proposed First Amended

Complaint, they do argue in their Reply that "to state a plausible claim against the Defendants,

Croyder should be required to attach complete and accurate copies of any document which [she]

intends to incorporate as an exhibit and upon which she intends to rely."[33]  Specifically,

Defendants ask the Court to order Plaintiff to file documentation of the debt collection

communication she alleges Defendant Hetley Law firm sent to her on September 30, 2016.

Defendants present no legal authority for the proposition that a plaintiff can be required

to attach to a complaint all documents or exhibits that she intends to rely upon at trial, or even a

subset of those documents.  Indeed, it is a fundamental principle that at the pleading stage, courts

confine their analysis to the text of the complaint and courts "must accept as true all of the

factual allegations contained in the complaint."[34] Certainly, courts at the motion to dismiss stage

(or in analyzing whether a proposed amended complaint is futile) "may consider documents

referred to in the complaint if the documents are central to the plaintiff's claim and the parties do

not dispute the documents' authenticity."[35]  But Defendants do not request that the Court merely

consider documents attached or referred to in Plaintiff's proposed First Amended Complaint.

---

[31]Indeed, Defendants do not argue that the Court should deny Plaintiff leave to amend based on futility or any other reason under Rule 15(a).  *See generally* Doc. 24.

[32]*Id.* at 2–4.

[33]*Id.* at 3.

[34]See, *E.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007) ("We do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible *on its face*.") (emphasis added); *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009) (citing *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.") (internal quotations omitted).

[35]*Smith*, 561 F.3d at 1097 (10th Cir. 2009) (citation omitted).

Rather, they essentially move to compel Plaintiff to produce exhibits, which are not attached to her proposed First Amended Complaint, before her claim can be found plausible or non-futile. The Court declines to extend well established pleading requirements in this fashion. Whether Plaintiff can muster evidentiary support for her claims is a question for a later stage of this litigation.[36] At this stage, it is enough that Plaintiff has presented sufficient factual allegations, assumed to be true, to give rise to a plausible FDCPA claim.[37] Because Plaintiff has met this standard, the Court finds that Plaintiff's proposed First Amended Complaint is not futile. Accordingly, Plaintiff is granted leave to file her proposed First Amended Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss Count II of Complaint and Defendants Geoffrey W. Hetley and Hetley Law Firm, P.A. Pursuant to Rule 12(b)(6) (Doc. 15) is **granted**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff is granted leave to file her proposed First Amended Complaint, attached as Exhibit 1 to her Response. **Plaintiff shall file her First Amended Complaint by no later than July 28, 2017.**

**IT IS SO ORDERED.**

Dated: July 11, 2017

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[36] *See Twombly*, 550 U.S. at 556 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) ("a well-pleaded complaint may proceed even if it appears 'that a recovery is very unlikely.'"); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that *Twombly* "reiterates the bedrock principle that a judge ruling on a motion to dismiss must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.").

[37] *See Twombly*, 550 U.S. at 570.